[No. 22748. Department One. April 16, 1931.]

THE CITY OF EVERETT, *Respondent*, v. DENNIS MARKS, *Appellant.*[1]

*A. E. Dailey,* for appellant.

*J. W. Dootson* and *O. Duncan Anderson,* for respondent.

PARKER, J.—The defendant, Marks, was, by complaint filed in the police court of the city of Everett, charged with unlawful possession of "intoxicating liquor, to wit, moonshine whiskey," in violation of an ordinance of that city, which is, in substance, the same as the state statutes relating to the unlawful possession of intoxicating liquor. Marks was convicted upon that charge in the police court, and thereupon appealed to the superior court for Snohomish county, where, upon a trial therein, he was, by the verdict of the jury, found guilty and a judgment was rendered thereon, from which he has appealed to this court.

The only error here claimed in behalf of Marks is that the superior court erred in refusing to take the case from the jury and decide, as a matter of law, that

[1]Reported in 297 Pac. 1096.

the evidence does not support the verdict and judgment; appropriate, timely motions having been made in that behalf.

The evidence was such that the jury could well find, and evidently did find, facts which may be summarized as follows: Marks, with companions, was in a houseboat in the city, floating in the river near the shore. In one of the rooms thereof there was a small trap door opening in the floor through which things could be dropped into the river, the surface of the water of which was a very short distance below the floor.

Officers came with a search warrant to search the houseboat for liquor. When they had gained entrance, after a short parley with those within, going into the room where the trap door opening was in the floor, Marks, holding an iron bar in his hand, struck and broke a quart bottle containing liquid. He immediately dropped the bottle and contents into the river through the trap door opening. The officer testified that the bottle was full of liquid, and that it was moonshine whiskey. As to the latter, there is room for arguing that the officer's testimony was only his opinion. He seems to have come to the conclusion that the liquid, by its appearance and by the odor that immediately came into the room following the breaking of the bottle, was moonshine whiskey.

Immediately upon seeing the bottle and its contents fall through the trap door opening into the river, the officer quickly seized a kettle nearby and dipped up a considerable quantity of the river water where the bottle and its contents had fallen into the water. There appears to have been then but little current in the water of the river. The contents of the kettle, in quantity considerably more than a quart so acquired, were later chemically analyzed and found to contain two and one-half per cent grain alcohol.

The possession by Marks of the bottle and its contents, and his breaking of the bottle and dropping it and its contents through the trap door opening into the river water, is all but conclusively proven. Indeed, it is not seriously disputed. As to whether or not the evidence warranted the jury in finding, as it did in effect, that the contents of the bottle was moonshine whiskey, is the only question here to be decided. It seems to us that the appearance to the officer that the contents of the bottle was moonshine whiskey; the coming into the room of the odor of moonshine whiskey immediately following the breaking of the bottle; the analysis of the river water dipped up at the place of, and immediately following, the dropping of the broken bottle and the liquid into the water; the analysis of the water so dipped up showing a content of two and one-half per cent alcohol, evidencing the fact that the contents of the bottle probably contained a much greater percentage of alcohol; and the evident haste of Marks in his effort to dispose of the bottle and its contents immediately upon the appearance of the officers; we think clearly call for the decision of the jury as to whether or not Marks was guilty of unlawful possession of intoxicating liquor.

The judgment is affirmed.

Tolman, C. J., Mitchell, Holcomb, and Main, JJ., concur.